WALTER BROOKS, PROSECUTOR, v. MARY S. BROOKS.

Submitted July 6, 1912—Decided April 1, 1913.

1. In a proceeding under the act entitled "An act concerning forcible entries and detainers (2 *Comp. Stat., p.* 2598), to recover possession of a dwelling-house, proof that defendant entered the house with a key and subsequently, unaccompanied by any acts of force, violence or threats, refused to surrender possession, is not sufficient to establish either a forcible entry or a forcible detainer.

2. There must be more than a mere trespass, in order to constitute a forcible entry under the statute.

On *certiorari.*

Before Justices SWAYZE, VOORHEES and KALISCH.

For the prosecutor, *Grey & Archer.*

For the defendant, *Edward L. Katzenbach.*

The opinion of the court was delivered by

KALISCH, J. The prosecutor in *certiorari* was the defendant below in a proceeding instituted by the defendant in *certiorari,* as complainant, before a justice of the peace, under section 2 of an act entitled "An act concerning forcible entries and detainers (2 *Comp. Stat., p.* 2598), to recover the possession of a dwelling-house in Sea Isle City, which was in possession of the prosecutor, the justice sitting with a jury. The jury by their verdict declared the prosecutor to be guilty of forcible entry and detainer, whereupon judgment under the statute was given against him. This judgment is now under review before us. By consent of counsel the testimony taken at the trial before the justice of the peace has been made part of the record. The prosecutor's main contention is that there was no testimony in the case that tended to establish that the prosecutor was either guilty of forcible entry and detainer or forcible de-

tainer to warrant the case to be submitted to the jury, and that therefore the justice was without jurisdiction to proceed to judgment.

At the close of the complainant's case, the prosecutor moved for a nonsuit upon the ground that the complainant had failed to adduce any proof that the prosecutor had obtained possession of the premises by a forcible entry, or was forcibly detaining the possession thereof, which was denied by the justice.

At the close of the entire case the prosecutor moved that a verdict be directed in his favor upon the same ground as stated in the motion for nonsuit, which was also denied.

It is conceded that if there was any testimony, however slight, from which a jury might have been justified in finding that the prosecutor had either forcibly entered the premises or was forcibly detaining the same, such finding is not reviewable here.

The prosecutor's contention is that there was no proof whatever which tended to establish that there had been a forcibly entry and detainer or a forcible detainer.

The real inquiry is, do the facts presented establish either a forcible entry and detainer or a forcible detainer? The prosecutor insists they establish neither. The defendant maintains that they tend to establish both. This requires an examination of the testimony. The undisputed facts are as follows: Mary S. Brooks, the defendant in the *certiorari* proceedings, and who was the complainant in the court below, is the widow of Henry Brooks, who died intestate and seized of the real estate in question. He left him surviving a widow and six children. No proceedings were had with reference to setting aside the widow's dower. At the time of his death he owned the fee in the house in Sea Isle City. This house was the home of the intestate and his wife at the time of his death. After his death, his widow lived continuously at the Sea Isle City home, with short periods of temporary residence elsewhere, from February, 1908, to October 1st, 1911, being a period of three years.

In October, 1911, the defendant left the house and went temporarily to stay in Philadelphia. Before leaving she locked the doors and fastened the windows of the house, giving one key to her agent, Steinmayer, and retaining the other keys herself. The front door contained a Yale lock. In February, 1912, she received information that the house was occupied by the prosecutor, and upon her return to the house, the only thing she noticed was that the Yale lock which she had left on the front door had been replaced by a new one. She did not know how the prosecutor got into the house and saw no indications of any force having been used to make the entry. She further testified that she asked the prosecutor how he got into the house, and he told her with a key which he had obtained from his brother, George. She further testified that her attorney, in her presence, said to the prosecutor: "Mr. Brooks, will you give us possession or do you refuse?" And the prosecutor said he refused. On the defence the prosecutor testified that he entered the premises with a key obtained from his brother, George, and disclaimed the use of force of any kind in making the entry.

In order to sustain the judgment below we would be required practically to declare that the simple entry by the prosecutor with a key into the house and his subsequent refusal to surrender possession unaccompanied by any acts of force, violence or threats constitute a forcible entry and detainer. For this is the substance of the testimony before the justice of the peace upon which the case went to the jury and upon which judgment against the defendant was pronounced.

That this cannot be done without ignoring the express language and meaning of section 2 of the act entitled "An act concerning forcible entries and detainers," under which the proceeding was had against the prosecutor, is clear from the act itself and the construction placed upon it from its origin to the present day by courts and commentators.

Both the entry and detainer must be forcible. *Pullen* v. *Boney*, 1 *South.* 125.

And in *Hendrickson* v. *Hendrickson,* 7 *Halst.* 202, the court held, to maintain a complaint for forcible detainer there must be force, menaces or threats, or such circumstances as to tend to excite fear or apprehension of danger.

And on *p.* 203 the court said: "When there is some evidence, we do not inquire as to its sufficiency to support the complaint. But whenever it appears that there was no legal evidence, this court is bound to interfere; otherwise the party is remediless, as the justice cannot grant a new trial." The case of *Brick* v. *Middleton, Id.* 266, is to the same effect.

And in *Butts* v. *Voorhees,* 1 *Gr.* 13, Chief Justice Ewing, in dealing with the construction to be given our statute on *p.* 19, said: "The offence intended to be here described, having been long known antecedently to the enactment of this statute, the terms and phrases used ought, in just construction, to be understood in accordance with their ancient acceptation, and if any of them had obtained an interpretation from usage or judicial decision, it ought now to be understood in the same manner. Thus to construe the word force to mean the force which suffices to constitute an ordinary trespass, would be to remove all distinction between the two acts and render even an entry on uninclosed land, over an ideal boundary liable to a complaint of forcible entry and an imposition of the heavy penalty of treble costs; a result we are not authorized to suppose was intended by the legislature. Nor is it a safe or sound construction of the statute to say that it contains in the disjunctive or alternative, a number of circumstances, as force, strong hand, &c.; that any of these, for example, force may constitute the offence and that as the term force is not qualified, whatever may, in legal language, be described as done with force and arms, will bring a party within the offence. If such had been the intention of the legislature, they would have contented themselves with the word force and not incurred the useless tautology of a number of other phrases, each of which comprehends force. The just meaning of every part of the section is to be sought and found in the whole. The true sense of the whole may,

I think, be thus expressed, in the very language of the section: "Such words, circumstances or actions in addition to the force requisite to constitute ordinary trespass," as have a natural tendency to excite fear or apprehension of danger "render a person guilty of a forcible entry and detainer."

In 4 *Com. Dig.* 354, *note S,* the author states: "Regularly, a forcible entry must be with a strong hand with criminal weapons or with menace of life or limb; it must be accompanied with some circumstances of actual violence or terror; and an entry which has no other force than such as is implied by law in every trespass, is not within the statutes." 4 *Bac. Abr. For. Ent. (D.)* ; *Dalt.* 300; 1 *Hawk. Co. Litt.* 64, § 25.

On the same page the author states further what is not a forcible entry, as follows: "But it shall not be a forcible entry if there be not an actual entry. So if he does not enter forcibly; as, if he opens the door with a key. 2 *Rol.* 2. Or enters by an open window. 2 *Rol.* 2. Or if the entry be without semblance or force; as, if a man comes in a peaceable manner, and entices the owner out of possession. Though he afterwards opens the door, being only latched, and enters." *H. P.* 6, 138.

That there must be more than a mere trespass in order to constitute a forcible entry under our statute is fully recognized by our decisions. *Mason* v. *Powell,* 9 *Vroom* 576.

In *Hildreth* v. *Camp,* 12 *Vroom* 306, it appeared "that in the absence of the complainant the defendant took possession of said house and premises; that the complainant on her return, found the house occupied by the defendant and made demand for possession thereof, and with words and actions was refused possession."

Mr. Justice Van Syckel, who delivered the opinion of this court, on *p.* 308, said: "But if the complaint had sufficiently set forth the injury complained of, there was no evidence to support either a conviction of forcible entry and detainer, or a conviction of forcible detainer.

"The entry, so far as appears, may have been without force and the detainer may be unaccompanied by either force

or threats. The defendants refused possession with words and actions; the words may have been a simple refusal to go out, and actions may have been nothing more than quietly remaining."

The facts disclosed in the case *sub judice* do not constitute a forcible entry and detainer or a forcible detainer, and therefore the judgment below must be reversed.